OPINION OF THE COURT
Vincent E. Doyle, J.
Defendant-petitioner, Kenneth V. Lockwood, has petitioned this court for a cessation of child support payments to the plaintiff-respondent, Donna Lockwood, also known as Donna Moore, or, in the alternative, a reduction of said child support payments to the statutory minimum under the Child Support Standards Act.
This court held a hearing on August 28th, 1990. The pertinent facts elicited at the hearing and relied upon by this court are as follows:
*875 1. Plaintiff-respondent, Donna Lockwood, also known as Donna Moore, was married to one Wallace Moore.
2. That marriage resulted in two children, to wit: Colleen, born November 30th, 1969, and Robert, born July 30th, 1973.
3. Plaintiff-respondent divorced Wallace Moore, was granted custody of the two children, and married the defendant-petitioner, Kenneth V. Lockwood.
4. Sometime after plaintiff-respondent’s remarriage, defendant-petitioner, Kenneth V. Lockwood, was persuaded to adopt the two children born of Wallace Moore and Donna Moore-Lockwood. The order of adoption was granted by the Erie County Surrogate’s Court on December 11th, 1984.
5. Within weeks after the order of adoption was entered, plaintiff-respondent, Donna Lockwood, also known as Donna Moore, retained an attorney to commence divorce proceedings against Kenneth V. Lockwood.
6. This divorce was finalized on April 19th, 1985 and judgment entered on June 28th, 1985.
7. Pursuant to a stipulation, defendantrpetitioner, Kenneth V. Lockwood, agreed to pay child support for the two children. He continued to make payments and to recognize his obligation until June 1989. Defendant-petitioner asserts that this court finds credible that he was denied visitation at that time and thereafter. Defendant-petitioner, Kenneth V. Lockwood, was not given plaintiff-respondent’s unlisted telephone number and had no relationship with the children. The children are presently 20 and 17 years of age, respectively.
8. In November 1989, plaintiff-respondent, Donna Lockwood, also known as Donna Moore, remarried her first husband and the children’s biological father.
9. Plaintiff-respondent earns $22,385 per year. Her present husband has an approximate annual income of $10,700.
10. Defendant-petitioner, Kenneth V. Lockwood, also earns approximately $10,700 per year.
Neither counsel nor the court have been able to uncover any precedent in a case such as this. Despite urging by the court, defendant-petitioner did not call the children to determine whether or not they continue to regard Kenneth V. Lockwood as their "father”, or whether they in fact felt that they were living with their true "natural parents”.
For this court to accept the idea that an adoptive father is obligated to continue to support the adopted children, even *876 though they are in fact living with their natural and biological parents who have remarried, violates this court’s sense of equity. The Supreme Court has, of course, both legal and equitable powers as set forth at 55 NY Jur 2d, Equity, §6: "When [the] court is acting in its equitable capacity, it is permitted to exercise discretion in determining whether or not on the facts presented at the trial relief should be granted and, if so, the extent of the relief. The propriety of affording equitable relief in a particular case rests in the sound discretion of the court, to be exercised according to the circumstances and exigencies of the case. This discretion is not an arbitrary one, but must be exercised in accordance with the fixed principles and precedents of equity jurisprudence. Under some circumstances, judicial discretion to grant relief becomes a judicial duty to grant it; the grace which equity should bestow then becomes a matter of right.”
The only argument offered by plaintiff-respondent against invoking the equitable power of this court is that the defendant-petitioner, Kenneth V. Lockwood, lacks "clean hands”. The unclean hands of the defendant-petitioner emanate from his inability to pay child support to plaintiff-respondent because he was disabled from employment. This hardly constitutes unclean hands.
In any event, plaintiff-respondent has taken appropriate legal action for such arrearages and reduced those claims to money judgments.
This issue is undoubtedly unique. The court, nevertheless, feels compelled, in equity, to determine that the obligation of the defendant-petitioner for child support to Donna Moore-Lockwood is hereby ordered terminated, retroactive to the date of her remarriage to Wallace Moore.